# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VONDERICK GREEN,           ) | |
|    ID # 16040866,          ) | |
|       Plaintiff,           ) | |
| vs.                         ) | No. 3:17-CV-353-K-BH |
|                     ) | |
| OFFICER SMITH, et al.,      ) | |
|       Defendants.         ) | Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for full case management. Based on the relevant filings and applicable law, the plaintiff's complaint should be **DISMISSED**.

## I. BACKGROUND

Vonderick Green (Plaintiff) sues four Dallas County Jail officers, in their official capacities only,[1] under 42 U.S.C. § 1983. (doc. 3 at 3; doc. 7 at 2-5.)[2] He claims that on January 16, 2017, at 4:15AM, he given a breakfast tray that had something "burned up" in the food. (doc. 3 at 4; doc. 7 at 2, 3.) He showed it to Officer Smith and then to Officer Asiamah, who used profanity and was verbally abusive to him. (doc. 3 at 4; doc. 7 at 2, 3, 10.) Plaintiff was not allowed to obtain another tray of food. (doc. 3 at 4; doc. 7 at 2, 3.) Other officers then told the prisoners to "[r]ack up." (doc. 3 at 4; doc. 7 at 10.) Plaintiff asked the officers if he could speak with a higher ranking officer about the problem with the breakfast tray, but his request was denied. (doc. 3 at 4; doc. 7 at 10.)

Plaintiff left for his cell, but he stopped in front of the cell door and asked about his

---

[1] Plaintiff was specifically asked if he was suing the defendants in their individual or official capacities, and he expressly stated that he was suing them in their official capacities. (*See* doc. 7 at 1-8.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

breakfast. (doc. 3 at 4; doc. 7 at 10.) Officer Smith told him that he could not see anyone about the matter and then pushed him into his cell. (doc. 3 at 4; doc. 7 at 2, 10, 12.) Plaintiff grabbed the cell door to avoid falling. (doc. 7 at 2, 12.) Officer Smith pushed him again and slammed the cell door, which "caught" his foot. (doc. 3 at 4; doc. 7 at 10, 12.) Plaintiff yelled that his foot was stuck in the door, but the officers ignored him and walked down the stairs. (doc. 7 at 12.) He "popped" the cell door and ran to a window, leaving blood on the floor because his foot was "cut seriously." (doc. 3 at 4; doc. 7 at 2, 12.) Plaintiff claims that he was involved in a confrontation about his breakfast tray, but he did not say anything offensive, use profanity, become physical, or refuse or fail to comply with any instructions from jail officials during the incident. (doc. 7 at 10, 11.)

Plaintiff claims that he showed his foot, which was bleeding profusely, to all four officers, but was denied medical treatment. (*id.* at 2, 4, 5, 14, 15.) When the next shift began about 1½ to 2 hours after Plaintiff was injured, another officer saw his condition and took him to see medical staff immediately. (*id.* at 4, 14, 15.) A nurse gave him a tetanus shot, cleaned his foot, put a bandage on the cut, put a gauze wrap around his foot, and gave him pain medication. (doc. 7 at 4, 13, 14.)

Plaintiff claims that Officer Smith used excessive force, Officers Smith and Asiamah denied him clean food and water, and all four officers denied him medical treatment. (doc. 7 at 2-5, 9, 12, 14.) He seeks compensation for pain and suffering, mental anguish, and cruel and unusual punishment. (doc. 3 at 4; doc. 7 at 2-5, 16.) No process has been issued.

## II.  PRELIMINARY SCREENING

Plaintiff, a prisoner incarcerated in the Dallas County jail when he filed his complaint, has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28

2

U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Plaintiff expressly sues the officers under § 1983 in their official capacities only.³ His official capacity claims are essentially claims against their government employer, Dallas County, Texas (County). *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (an official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent); *Stiff v. Stinson*, No. 3:12-CV-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013) (citing *Graham*, 473 U.S. at 165). Municipalities, including counties, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008).

A municipality may be liable under § 1983 if the execution of one of its customs or policies deprives a plaintiff of his or her constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978); *Jones v. City of Hurst, Tex.*, No. 4:05–CV–798–A, 2006 WL 522127, at *3 (N.D. Tex. Mar. 2, 2006) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)). It is well-settled that a municipality cannot be liable under a theory of *respondeat superior*, however. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing cases). "Under the decisions of the Supreme Court and [the Fifth Circuit], municipal liability under section 1983 requires proof of three elements: a policy maker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Id.* (citing *Monell*, 436 U.S. at 694); *see also Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010); *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).

---

³Because Plaintiff expressly stated in his responses to a magistrate judge's questionnaire that he sues the officers in their official capacities, it is not necessary to examine the course of proceedings to determine the capacity in which he sues them. *See Adrian v. Regents of Univ. of Calif.*, 363 F.3d 398, 402-03 (5th Cir. 2000) (noting that while it was unclear whether the complaint named employees in their official or personal capacities, the course of proceedings demonstrated that they were only named in their official capacities where the plaintiff had not challenged the assertion that the employees should be dismissed because they were only named in their official capacities) (citing *Graham*, 473 U.S. at 167 n. 14); *see also Douglas v. Gusman*, 567 F. Supp. 2d 877, 888-89 (E.D. La. 2008) (when a pro se plaintiff does not specify whether a defendant in named in his official or individual capacity, it is generally presumed by operation of law that the defendant is named in his official capacity) (citations omitted).

"Official policy" is defined as:

1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or

2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority. Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

*Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984) (per curiam); *accord Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). Where a policy is facially constitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result. *Piotrowski*, 237 F.3d at 579–80 & n.22; *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849–50 (5th Cir. 2009), *cert. denied*, 562 U.S. 827 (2010). "Deliberate indifference of this sort is a stringent test, and 'a showing of simple or even heightened negligence will not suffice' to prove municipal culpability." *Piotrowski*, 237 F.3d at 579 (citation omitted) (stressing that "*Monell* plaintiffs [need] to establish both the causal link ('moving force') and the City's degree of culpability ('deliberate indifference' to federally protected rights)").

"The description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)); *accord Piotrowski*, 237 F.3d 578-79. "[A] complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation

5

omitted). In *Spiller*, the Fifth Circuit found the allegation that "[an officer] was acting in compliance with the municipality's customs, practices or procedures" insufficient to plead municipal liability. *Spiller*, 130 F.3d at 167. In addition, a single incident is insufficient to infer an official policy or custom. *See World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753–54 (5th Cir. 2009); *Pineda*, 291 F.3d at 329; *Piotrowski*, 237 F.3d at 581; *see also Hester v. Dallas Cty. Jail*, No. 3:11–CV–3099–B–BH, 2012 WL 1430539, at *3 (N.D. Tex. Mar. 6, 2012), *adopted by* 2012 WL 1437747 (N.D. Tex. Apr. 25, 2012) ("His single alleged incident is insufficient to infer that Dallas County has an official customary policy or custom of failing to protect inmates at the county jail.").

Here, Plaintiff does not identify a policy statement, ordinance, regulation, or decision regarding food, excessive force or medical care that was officially adopted and promulgated by County's lawmaking officers, or by an official to whom the lawmakers have delegated policy-making authority. Nor does he allege any persistent or widespread practice that caused his alleged injuries. He has therefore failed to state a viable claim against the County, and his official capacity claims against the defendants should be dismissed.

## IV. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim. The dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[4]

---

[4]Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**SIGNED this 20th day of June, 2019.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE